IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:08cr29–HEH |
| ) | |
| RONALD WENDELL DOBY, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Ronald Wendell Doby ("Petitioner"), a federal prisoner proceeding *pro se*, filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The Government responded, arguing that Petitioner's § 2255 Motion is barred by the relevant statute of limitations. The matter is ripe for judgment.

### I. PROCEDURAL HISTORY

On April 7, 2008, Petitioner pleaded guilty to distribution of five grams or more of cocaine base. The Court sentenced Petitioner to a 174-month term of imprisonment. On July 2, 2008, the Court entered the Judgment reflecting this sentence. Petitioner did not appeal.

On June 25, 2010, Petitioner filed his § 2255 Motion with this Court.[1] In his § 2255 Motion, Petitioner contends that he is entitled to relief upon the following grounds:

---

[1] Petitioner fails to state the date that he placed his § 2255 Motion in the prison mail system. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

Claim One    The District Court violated Petitioner's due process rights when the District Court imposed "an exceptional sentence based on facts not reflected in Petitioner's plea agreement." (Mem. Supp. § 2255 Mot. 2.)[2]

Claim Two    Petitioner received ineffective assistance of counsel because counsel failed to object to a sentence which was "greater than necessary . . . to achieve the 18 U.S.C. § 3553(a) factors." (§ 2255 Mot. 6.)

Claim Three "Violation of constitutional rights." (*Id.* at 8.)

## II. STATUTE OF LIMITATIONS FOR 28 U.S.C. § 2255 MOTIONS

All motions under 28 U.S.C. § 2255 are governed by a one-year statute of limitations. Specifically, 28 U.S.C. § 2255 reads, in pertinent part:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

---

[2] The Court has corrected the capitalization and punctuation in the quotations to Petitioner's submissions. Because the Memorandum in Support of his § 2255 Motion was not numbered, the Court employs the page numbers assigned to that document by the Court's CM/ECF submission.

## III. TIMELINESS OF PETITIONER'S § 2255 MOTION

Under 28 U.S.C. § 2255(f)(1), Petitioner had one year from the date his conviction became final to file a § 2255 motion with this Court. Petitioner's conviction became final on Friday, July 18, 2008, the last date to file a notice of appeal. *See United States v. Clayton*, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:04CV122, 4:01CR16, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (2008) (requiring a defendant to file an appeal within ten days of the entry of the judgment). Therefore, Petitioner was required to file his § 2255 Motion by Monday, July 19, 2009. Because Petitioner did not file his § 2255 Motion until June 25, 2010, the § 2255 Motion is barred by the relevant statute of limitations.

Petitioner argues, "The *one-year time limit does not apply to a petition or motion if*: (1) the statute that the defendant was convicted of violating was unconstitutional on its face or as applied to the defendant's conduct [or]; (2) the sentence imposed was in excess of the court's jurisdiction." (§ 2255 Mot. 13 (emphasis added).) He is wrong. While these two circumstances provide a basis for relief under § 2255, they do not provide a basis for ignoring the statute of limitations embodied in that statute. *See Barreto-Barreto v. United States*, 551 F.3d 95, 100 (1st Cir. 2008). Petitioner does not set forth any basis for equitably tolling the limitation period.[3] Accordingly, the Government's Motion to

---

[3] The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some

3

Dismiss will be granted. Petitioner's § 2255 Motion will be denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Because Petitioner has not satisfied this standard, a certificate of appealability will be denied.

An appropriate Order shall accompany this Memorandum Opinion.

                                                          /s/
                                      HENRY E. HUDSON
                                      UNITED STATES DISTRICT JUDGE

Date: Feb. 1, 2012
Richmond, Virginia

---

extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).